IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TRAVIS C. BANKS, on behalf of himself and all other persons similarly situated known and unknown, | ) ) ) ) | |
| Plaintiff, | ) ) | FILED: AUG 25, 2008 |
| v. | ) ) | 08CV4856 |
| STREAMLINE WIRELESS, INC., | ) ) | Case No. JUDGE DOW MAGISTRATE JUDGE MASON |
| Defendant. | ) ) | RCC |

## COMPLAINT

Plaintiff Travis C. Banks, on behalf of himself and all other persons similarly situated known and unknown, through his attorneys, for his Complaint against Defendant Streamline Wireless, Inc., states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C.§ 201 *et seq.* ("FLSA") for Defendant's failure to pay all overtime wages to Plaintiff and other similarly situated persons for all time worked in excess of forty (40) hours in individual work weeks. A copy of Plaintiff's consent form to act as a representative Plaintiff in this collective action under the FLSA is attached hereto as Exhibit A.

### THE PARTIES

2. Plaintiff Travis C. Banks resides in and is domiciled within this judicial district.

3. Within the prior two years, Plaintiff was employed by Defendant as an "employee" as defined by Section 3(e)(1) of the FLSA, 29 U.S.C. §203(e)(1).

4. During the course of his employment by Defendant, Plaintiff was not exempt from

the overtime wage provisions of the FLSA, 29 U.S.C. §207.

5. During the course of his employment, Plaintiff engaged in commerce and handled goods, including wireless telephone handsets, which moved in and were produced in interstate commerce.

6. Defendant Streamline Wireless, Inc. is an Illinois corporation doing business within this judicial district. Defendant Streamline Wireless, Inc. is an "enterprise" as defined by Section 3(r)(1) of the FSLA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A).

7. Defendant Streamline Wireless, Inc. was Plaintiff's "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

**JURISDICTION AND VENUE**

8. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C §1331, rising under 29 U.S.C. § 216(b). Venue is proper in this judicial district as the facts and events giving rise to Plaintiff's claims occurred in this judicial district.

**COUNT I**
**Violation of the Fair Labor Standards Act - Overtime Wages**
**(Plaintiff on his own behalf and on behalf of similarly situated employees)**

Plaintiff hereby realleges and incorporates paragraphs 1 through 8 of this Complaint, as if fully set forth herein.

9. This count arises from Defendant's violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, for Defendant's failure to pay overtime wages to Plaintiff for all time worked.

10. This Court has jurisdiction to hear this Count pursuant to 29 U.S.C. § 216(b) and

2

venue is proper in this judicial district.

11. Plaintiff was directed by Defendant to work, and did so work, in excess of forty (40) hours per week.

12. Pursuant to 29 U.S.C. § 207, for all weeks during which Plaintiff worked in excess of forty (40) hours, he was entitled to be compensated at a rate of one and one-half times his regular hourly rate of pay.

13. Defendant did not compensate Plaintiff at a rate of one and one-half times his regular hourly rate of pay for all time worked in excess of forty (40) hours in individual workweeks. For example, for the semi-monthly work period ending October 31, 2007, Plaintiff worked 105.78 hours and was paid his regular hourly rate of $14.00 an hour for all time he worked, including time he worked in excess of forty (40) hours per week. See Plaintiff's pay stub for the pay period ending October 31, 2007, attached hereto as Exhibit B.

14. Defendant's failure and refusal to pay overtime wages for time worked in excess of forty (40) hours per week was a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

15. Defendant's failure and refusal to pay overtime wages for time worked in excess of forty (40) hours per week was a willful violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

16. Other similarly situated employees have likewise performed non-exempt work for Defendant, but Defendant has willfully failed and refused to pay them overtime wages for work in excess of forty (40) hours per week.

17. Defendant willfully violated the Fair Labor Standards Act by refusing to pay Plaintiff and other non-exempt employees overtime wages for time worked in excess of forty (40) hours per week.

WHEREFORE, Plaintiff prays for a judgment against Defendant as follows:

A. a judgment in the amount of one and one-half times Plaintiff's hourly wage rate for all time which Plaintiff worked in excess of forty (40) hours per week;

B. liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C. reasonable attorneys' fees and costs incurred in filing this action; and

D. such other and further relief as this Court deems appropriate and just.

Respectfully submitted,

Dated: August 25, 2008

s/Douglas M. Werman
DOUGLAS M. WERMAN (ARDC #6204740)
MAUREEN A. BANTZ (ARDC#6289000)
Werman Law Office, P.C.
77 West Washington Street, Suite 1402
Chicago, Illinois 60602
(312) 419-1008
Attorneys for Plaintiff

# EXHIBIT A

## NOTICE OF CONSENT TO BECOME A PARTY PLAINTIFF IN A COLLECTIVE ACTION UNDER THE FAIR LABOR STANDARDS ACT

By my signature below I represent to the Court that I have been employed by Streamline Wireless, Inc. or its parents, subsidiary or affiliated companies, within the prior three (3) years, that I have worked for Defendant time in excess of forty (40) hours in individual work weeks, and have not been paid all of the overtime wages owed to me pursuant to 29 U.S.C. §201, et. seq. I authorize through this Consent the filing and prosecution of this Fair Labor Standards Act action in my name and on behalf of all persons similarly situated to myself.

Name: _Travis Banks_ (print your name)

Signature: _[signature]_

Date on which I signed this Notice: _8-22-08_
(today's date)

# EXHIBIT B

**STREAMLINE WIRELESS INC**
1357 EAST 86TH
MERRILLVILLE, IN 46410

HC57-000001

56-1544
441

| DATE | CHECK NO. |
|---|---|
| 11/07/2007 | 6995002565 |

PAY TO THE ORDER OF

TRAVIS C BANKS
22331 PICCADILLY CT
RICHTON PARK IL  60471

VOID AFTER 180 days

**VOID**

AMOUNT

**VOID****THIS IS NOT A CHECK****VOID****THIS IS NOT A CHECK**

JPMORGAN CHASE
COLUMBUS, OH

DEPOSIT ACCOUNT    DEPOSIT AMOUNT
8501969072         *****1124.76

**\*\* Non Negotiable \*\***

AUTHORIZED SIGNATURE(S)

TO VERIFY AUTHENTICITY OF THIS DOCUMENT THE BACK CONTAINS HEAT SENSITIVE INK THAT CHANGES FROM BLUE TO CLEAR AND ALSO CONTAINS AN ARTIFICIAL WATERMARK WHICH CAN BE VIEWED WHEN HELD AT AN ANGLE

FOLD AND REMOVE                                                                                        FOLD AND REMOVE

**YOUR BANKING**

| ITEM | AMOUNT | DEPOSIT TO ACCT # |
|---|---|---|
| NET | 1124.76 | 8501969072 |

**EARNINGS**

| | HOURS | RATE | AMOUNT | YTD AMOUNT |
|---|---|---|---|---|
| REGULAR | 105.78 | 14.000 | 1480.92 | |
| TOTAL EARNINGS | | | 1480.92 | 29585.50 |

**EMPLOYER INFORMATION**
STREAMLINE WIRELESS INC
1357 EAST 86TH
MERRILLVILLE, IN  46410

PAY PERIOD 10/16/07 TO 10/31/07
CHECK DATE 11/07/07   CHECK # 6995002565

| FILING STATUS | TAX TYPE | AMOUNT | YTD AMOUNT |
|---|---|---|---|
| | SOC SEC | 91.82 | 1834.32 |
| | MEDICARE | 21.47 | 428.98 |
| S 00 | FEDERAL | 198.44 | 3876.40 |
| S 00 | IL | 44.43 | 887.58 |
| TOTAL WITHHOLDINGS | | 356.16 | 7027.28 |

**PERSONAL INFORMATION**
TRAVIS C BANKS
22331 PICCADILLY CT
RICHTON PARK IL  60471

SS#  XXX-XX-8687  EMPL# 006582  DEPT# 000001

| ADJUSTMENTS | | AMOUNT | YTD AMOUNT |
|---|---|---|---|
| | MISC | | -185.36 + |

ayrolls by Paychex, Inc.

1030 **HC57** 0004    000001

NET PAY

1124.76        22743.58